(27 Misc. Rep. 149.)

## DOLL v. DEVERY et al.

(Supreme Court, Special Term, New York County. April 21, 1899.)

1. MUNICIPAL CORPORATIONS—DRIVEWAYS—REGULATION.

Under Laws 1893, c. 102, § 10, as amended by Laws 1894, c. 8, providing that the speedway in New York City shall be used for no purpose other than riding by equestrians and driving of carriages. also providing that the department of public parks may make such regulations as it deems advisable for the use of said driveway, and to exclude therefrom any kind of vehicle the use of which may injure it or render it unfit or inconvenient for the purpose thereof, Greater New York Charter, § 610, gives the department of public parks authority to enact and enforce ordinances in respect to the use and occupation of the public parkways. *Held*, that the department of public parks has no right to prohibit the use of such speedway by equestrians, nor, in the absence of evidence that a landau would injure the driveway, or render it unfit or inconvenient for the purpose for which, it was created, can they prohibit the use of the driveway by carriages of that kind.

2. SAME—STATUTES—IMPLIED REPEAL.

Laws 1890, c. 568, § 163, provides that the authorities shall make no regulation excluding a bicycle rider from the free use of parkways at any time when the same is open to the free use of persons using other pleasure carriages, and declares that, for the purpose of the act, a bicycle shall be deemed a vehicle. Laws 1893, c. 102, § 10, as amended by Laws 1894, c. 8, provides that the speedway shall be used for no purpose other than riding by equestrians and driving of carriages, and authorizes the department of public parks to make such regulations as it deems advisable for the use of said driveway. and to exclude vehicles which might injure it or render it unfit or inconvenient for the purposes thereof. *Held*, that the acts of 1893 and 1894 repeal the act of 1890 so far as it applies to the speedway, and the park department may exclude bicycles therefrom.

Action by William F. Doll against William S. Devery and others, as members of the department of public parks. Partial relief granted.

Frank Moss, for plaintiff.

Charles Blandy, for defendants.

GILDERSLEEVE, J. This is an action for an injunction restraining the defendants from preventing the plaintiff from riding on horseback, or in a landau, or on a bicycle on the "Public Driveway in the City of New York," commonly called "The Speedway." This driveway was laid out by virtue of chapter 102 of the Laws of 1893, which is entitled "An act to lay out, establish and regulate a public driveway in the city of New York." Nothing in this act refers to a "speedway," nor is there anything in said act intimating the purpose of creating a place for the speeding or racing of horses. Section 10 of this act, as amended by chapter 8 of the Laws of 1894, provides that, aside from the sidewalks and bridges or subways for the use of foot passengers, no portion of the said driveway shall be used for any other purpose than for "riding by equestrians and driving of carriages," and excludes specifically all trucks, carts, and vehicles of all kinds for the transportation of merchandise or freight of any description, as well as all street and other railways; and it further provides as follows, viz.: "In addition to the restrictions herein contained, the department of public parks may make such other rules and regulations as it may deem advisable for the use of said driveway, and as to the speed of riders and drivers thereon, and as to the exclusion therefrom of any kind of vehicles, the use of which may injure said driveway or render the same unfit or inconvenient for the purposes thereof." The park department adopted a resolution restricting the use of said driveway to "light vehicles of the classes known as buggies, runabouts, surreys and other like vehicles, adapted to the speeding of light harness horses, seating not more than four persons, and drawn by one or two horses," except that, until the hour of 1 p. m., the use of "light road carts" is permitted. The department of public parks appears to have acted on the theory that the acts of 1893 and 1894 authorized the creation of a speedway or place for racing horses; whereas the object and purpose of the said driveway, so far as can be judged from the wording of the acts, seem to be to provide a suitable road for the "riding by equestrians and the driving of carriages." The plaintiff made attempts to ride (1) on a bicycle, (2) on horseback, and (3) in a landau on said driveway, but was not allowed to do so by the defendants; and hence he brings this action for the purposes above stated.

While the park department is given a wide discretionary power to exclude "any kind of vehicles, the use of which may injure said driveway, or render the same unfit or inconvenient for the purposes thereof," still it does not appear that it has the power to exclude "riding by equestrians," which seems to be one of the very objects and purposes contemplated by the act authorizing the construction of the driveway. It is true that the park department may "make such other rules and regulations as it may deem advisable for the use of said driveway, and as to the speed of riders and drivers thereon";

but the department cannot make rules that would defeat the object and purpose of the driveway. If, as I have already intimated, the legislature intended to have this driveway set apart solely for speeding or racing horses, it should have made its purpose apparent in the act in question. While the charter, in section 610, provides that the park board shall have power to enact ordinances for the government and protection of all parks, parkways, squares, and public places within the city, and that the same shall be subject to all such ordinances as to the use and occupation thereof, and in respect to any erections or incumbrances thereon, still I fail to see that the power here given extends to a prohibition of the use of the public driveway for purposes contemplated and authorized by the act creating the same. It seems to me that the park department exceeded its authority in prohibiting the use of said driveway by the plaintiff on horseback.

As to the question of the landau, Police Captain Kirchner gave evidence, on the trial of this action, to the effect that such heavy vehicles as landaus "would be an obstruction to fast driving," and thus unsuitable for use on the driveway. But, as we have seen, there is nothing to justify the assumption that the driveway was intended for fast driving, to the exclusion of other driving or of riding. It is true that, as I have already stated, the park department may "make such other rules and regulations as it may deem advisable for the use of said driveway," in addition to the restrictions specified in the act; but I am inclined to the opinion that this portion of the act must be taken in connection with the following portion of the same section, viz. "and as to the exclusion therefrom of any kind of vehicles, the use of which may injure said driveway, or render the same unfit or inconvenient for the purposes thereof," and that the proper construction of the wording of the entire section limits the park department's authority to the exclusion of such vehicles as "may injure the driveway, or render the same unfit or inconvenient for the purposes thereof,"—i. e. "the riding by equestrians and the driving of carriages." There is no evidence in this case to show that the use of landaus is calculated to injure the driveway, or render it unfit or inconvenient for the purposes thereof. The defendants had plenty of opportunity to present such evidence, if, indeed, they had any to present. I do not think that the testimony given on the trial of this action sufficiently establishes defendants' claim that it was within the exercise of a wise discretion by the park department to exclude the plaintiff's landau from the driveway.

As to the bicycle, another question is presented, as the acts under consideration make no mention of bicycles. Section 163 of chapter 568 of the Laws of 1890 is worded as follows, viz.: "The commissioners, trustees or other authorities having charge or control of any highway, public street, parkway, driveway or place, shall have no power or authority to pass, enforce or maintain any ordinance, rule or regulation, by which any person using a bicycle or tricycle shall be excluded or prohibited from the free use of any highway, public street, avenue, roadway, driveway, parkway or place at any time when the same is open to the free use of persons having and using other pleas-

'ure carriages," etc. The same act provides that, for the purposes of that act, a bicycle 'is to be considered a vehicle. It is well settled that a statute is not to be deemed repealed by implication by a subsequent act upon the same subject, unless the two are manifestly inconsistent with and repugnant to each other, or unless a clear intention is disclosed on the face of the later statute to repeal or modify the former one. See Woodside Water Co. v. Long Island City, 23 App. Div. 82, 48 N. Y. Supp. 686. As we have seen, however, the purposes of the driveway are "the riding by equestrians and the driving of carriages"; and, also, as we have seen, the park department is given a very wide discretionary power in the exclusion from said driveway "of any kind of vehicles, the use of which may injure said driveway, or rerder the same unfit or inconvenient for the purposes thereof." The park department has decided that bicycles are unfit or inconvenient for the uses of the driveway above mentioned, or may injure the driveway. As to whether or not this decision was well founded, there is some conflict of testimony; but there is some evidence to uphold the conclusion of the department. While the acts of 1893 and 1894 do not specify bicycles among the vehicles excluded from the driveway, still I am inclined to the opinion that the provisions with respect to the powers of exclusion conferred upon the park department, taken in connection with the purposes of the driveway, have the effect of taking this driveway out of the operation of the general statute of 1890, forbidding the exclusion of bicycles from public highways. I, therefore, reach the conclusion, from the evidence presented on this trial, that the complaint cannot be sustained with regard to the bicycle; but that the plaintiff should not be prevented from riding on horseback, or driving in a landau, on said driveway. However, as the park department has power to make such regulations as it may deem advisable for the use of the driveway, I see nothing to prevent the department from restricting the time for such riding and driving to such reasonable hours as it may deem proper and suitable. The plaintiff also claims $300 as damages; but I do not think he has shown himself entitled to recover any pecuniary damages in this action.

The plaintiff may have judgment restraining the defendants from preventing him from riding on horseback, or driving in a landau, on said driveway, during such reasonable hours as the park board may fix; but, in all other respects, the complaint is dismissed. No costs to either party.